WILMER CUTLER PICKERING HALE & DORR LLP
Robert M. Galvin (SBN: 171508)
robert.galvin@wilmerhale.com
Anh-Khoa Tran (SBN: 295393)
khoa.tran@wilmerhale.com
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Fax: (650) 858-6100

Robert J. Gunther, Jr. (NY SBN: 1967652)
robert.gunther@wilmerhale.com
Christopher R. Noyes (pro hac vice forthcoming)
christopher.noyes@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
Fax: (212) 230-8888

Attorneys for Plaintiffs
COGENRA SOLAR, INC. and
KHOSLA VENTURES III, L.P.

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| COGENRA SOLAR, INC., a Delaware corporation, <br><br> and <br><br> KHOSLA VENTURES III, L.P., a Delaware limited partnership, <br><br> Plaintiffs, <br><br> v. <br><br> SOLARCITY CORPORATION, a Delaware corporation, <br><br> and <br><br> SILEVO, INC., a Delaware corporation, <br><br> Defendants. | Case No. 3:16-cv-5481 <br><br> **COGENRA SOLAR, INC. AND KHOSLA VENTURES III, L.P.'S ADMINISTRATIVE MOTION TO FILE COMPLAINT UNDER SEAL** |

Case No.

In accordance with Civ. L.R. 7-11 and 79-5, Plaintiffs Cogenra Solar, Inc. and Khosla Ventures III, L.P. (collectively, "Plaintiffs") hereby move to file under seal portions of the confidential, unredacted version of Plaintiffs' Complaint ("Complaint").

As described in the Declaration of Anh-Khoa Tran in Support of Plaintiffs' Administrative Motion to File Complaint Under Seal ("Tran Declaration"), the Complaint contains and discusses confidential information concerning (1) Plaintiffs' trade secrets, (2) highly-sensitive and proprietary business information, and (3) information that the parties are obligated to keep confidential pursuant to non-disclosure agreements between the parties. Tran Declaration ¶ 3. This confidential information has been highlighted in the version of the Complaint filed under seal. The complete, unredacted version of the Complaint will be lodged with the Court for in camera review. *Id.*

The Ninth Circuit has recognized that the potential release of trade secret information is a "compelling reason[]" that outweighs the public's interest in accessing court records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Civil Local Rule 79-5 supplements *Kamakana*'s "compelling reasons" standard and authorizes courts to seal documents, or portions thereof, that are "protectable as a trade secret." Civ. L.R. 79-5(b).

A request to seal a nondispositive pleading, such as a complaint, is governed by the "good cause" standard of Federal Rule of Civil Procedure 26(c). *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, 2012 WL 5395039, at *1 (N.D. Cal. Nov. 5, 2012); *see also Pintos v. Pac Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) ("In light of the weaker public interest in nondispositive materials, we apply the 'good cause' standard when parties wish to keep them under seal."). Under this standard, "'sources of business information that might harm a litigant's competitive standing' often warrant protection under seal." *NCAA Student-Athlete*, 2012 WL 5395039, at *1 (quoting *Nixon*, 435 U.S. at 598); *see also* Fed. R. Civ. P. 26(c)(1)(G) (granting

| Case No. | 2 | COGENRA AND KHOSLA VENTURES' ADMINISTRATIVE MOTION TO FILE COMPLAINT UNDER SEAL |

broad discretion to district courts to seal court documents for, *inter alia*, the protection of "a trade secret or other confidential research, development, or commercial information").

Accordingly, courts in this District have allowed parties to seal complaints containing sensitive and proprietary business information. *See, e.g.*, *Delfino Green & Green v. Workers Compensation Solutions, LLC*, 2015 WL 4235356, at *1-2 (N.D. Cal. July 13, 2015) (allowing parts of a complaint to be sealed because it would disclose sensitive business information); *In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *2-3 (N.D. Cal. Sept. 25, 2013) (allowing parts of a complaint to be sealed because it would cause the plaintiff competitive harm); *Powertech Tech. Inc. v. Tessera, Inc.*, 2012 WL 1969039, at *1-2 (N.D. Cal. May 31, 2012) (allowing parts of a complaint to be sealed because it would disclose proprietary business information, including information about the parties' business relationship).

For the foregoing reasons, Plaintiffs respectfully request the sealing of the information contained in the highlighted portions of the confidential, unredacted version of Plaintiffs' Complaint. Plaintiffs recognize and appreciate the importance of public access to complaints filed in court and have limited their sealing request only to those portions of the Complaint that contain Plaintiffs' trade secrets, highly-sensitive and proprietary business information, and information subject to the parties' non-disclosure agreements. Tran Declaration ¶ 4.

Dated: September 26, 2016

Respectfully submitted,

*/s/ Robert M. Galvin*
Robert M. Galvin
robert.galvin@wilmerhale.com
Anh-Khoa Tran
khoa.tran@wilmerhale.com
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Fax: (650) 858-6100

Robert J. Gunther, Jr. (NY SBN: 1967652)
robert.gunther@wilmerhale.com
Christopher R. Noyes (pro hac vice forthcoming)
christopher.noyes@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
Fax: (212) 230-8888

*Attorneys for Plaintiffs*
Cogenra Solar, Inc. and
Khosla Ventures III, L.P.