UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COGENRA SOLAR, INC., et al., | Case No.  16-cv-05481-VC |
| Plaintiffs, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS** |
| SOLARCITY CORPORATION, et al., | |
| Defendants. | Re: Dkt. No. 114 |

The motion to dismiss is granted as to Khosla Ventures and as to the claim against SolarCity and Silevo based on the fraudulent prong of the Unfair Competition Law.  It is otherwise denied.

Khosla Ventures is again dismissed as a plaintiff because it is seeking damages for harms resulting solely from alleged wrongs to Cogenra.  *See Lapidas v. Hecht*, 232 F.3d 679, 683 (9th Cir. 2000).  It is sometimes enough that only one plaintiff in a multi-plaintiff case has standing to bring a claim.  *See, e.g.*, *Leonard v. Clark*, 12 F.3d 885, 888 (9th Cir. 1993) *as amended* (Mar. 8, 1994).  But in a suit brought by a corporation and an investor in the corporation, "it is not sufficient for the plaintiff to assert a personal economic injury resulting from a wrong to the corporation." *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1318 (9th Cir. 1989) (citing *Shell Petroleum, N.V. v. Graves*, 709 F.2d 593, 595 (9th Cir. 1983)) (declining to dismiss the individual plaintiffs' claims because "there are direct and independent injuries to the individual plaintiffs"); *see also RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1057 (9th Cir. 2002). And to the extent this type of standing inquiry is prudential rather than jurisdictional, prudence weighs heavily against allowing a party to participate in (and thereby potentially multiply)

litigation merely because that party invested in the corporation that was allegedly harmed.  *See Elizabeth Retail Properties LLC v. KeyBank Nat. Ass'n*, 83 F. Supp. 3d 972, 986-88 (D. Or. 2015) (examining cases on shareholder standing as a prudential standing doctrine).  Dismissal is with leave to amend.  If Khosla Ventures believes in good faith that it can articulate separate harms to support standing, it may make one last attempt to do so.  *See Gomez v. Alexian Bros. Hosp.*, 698 F.2d 1019, 1021 (9th Cir.1983) (per curiam).

The amended state law tort claims are not superseded by the California Uniform Trade Secrets Act for the same reason that they were not superseded in the First Amended Complaint – they are "based on facts distinct from the facts that support the [trade secret] misappropriation claim[s]."  *Angelica Textile Services, Inc. v. Park*, 220 Cal. App. 4th 495, 506 (2013).

Cogenra has sufficiently pleaded an intentional interference claim.  It has alleged a lost economic benefit from the three offers that it declined.  *Westside Ctr. Assocs. v. Safeway Stores 23, Inc.*, 42 Cal. App. 4th 507, 520-21 (1996).  Cogenra does not need to identify the source of the offers or prove their probability at the pleadings stage.  *See Qwest Communications Corp. v. Herakles, LLC*, No. 2:07-cv-00393-MCE-KJM, 2008 WL 783347, at *11 (E.D. Cal. Mar. 20, 2008).  It has sufficiently alleged an independently wrongful, intentional act by SolarCity.  *See Visto Corp. v. Sproqit Techs., Inc.*, 360 F. Supp. 2d 1064, 1067 (N.D. Cal. 2005); Second Am. Compl. ¶¶ 133-34.  And it has sufficiently alleged harm.  *See* Second Am. Compl. ¶ 135.

While parts of the promissory estoppel claim still refer to alleged promises by SolarCity to complete its purchase of Cogenra that Cogenra could not have reasonably relied upon, other parts of the claim refer to the alleged promise by SolarCity to conduct the due diligence in good faith with the goal of completing the transaction if the due diligence didn't uncover disqualifying information.  It is plausible, at least on the facts alleged, that Cogenra could reasonably have relied on that promise.  *See Aventa Learning, Inc. v. K12 Inc.*, No. 10-cv-01022-JLR, 2011 WL 13100748, at *9 (W.D. Wash. Mar. 28, 2011) (denying motion to dismiss claim based on bad faith conduct in a due diligence process); *All. Mortg. Co. v. Rothwell*, 10 Cal. 4th 1226, 1239 (1995) ("Except in the rare case where the undisputed facts leave no room for a reasonable

difference of opinion, the question of whether a plaintiff's reliance is reasonable is a question of fact." (quoting *Blankenheim v. E.F. Hutton & Co.*, 217 Cal. App. 3d 1463 (1990))); *cf. Green Hills Software, Inc. v. Safeguard Sciences & SPC Private Equity Partners*, 33 F. App'x 893, 895 (9th Cir. 2002) (affirming summary judgment in part because the evidence did not support reasonable reliance on alleged misrepresentations in the negotiations process between companies about purchase). And even though this alleged promise resembles the bargained-for agreement in the terms sheet that couldn't be the subject of promissory estoppel, Tanguy Serra's alleged promises about the acquisition process went beyond the terms sheet. *Cf. Treefrog Devs., Inc. v. Seido, Inc.*, 2013 WL 4028096, at *8 (S.D. Cal. Aug. 6, 2013) (allowing both a breach of contract claim and promissory estoppel claim to proceed where there was a dispute about whether the promise was encompassed in a bargained-for exchange).

The motion to dismiss the Unfair Competition Law claim is denied as to the unlawful and unfair prongs. Cogenra has successfully pleaded violations of other laws that are actionable under the unlawful prong. *See Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). And Cogenra has sufficiently alleged that the defendants' conduct, in allegedly using the due diligence process to disrupt other purchase offers and steal trade secrets, "significantly threatens or harms competition." *Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999). But the claim is dismissed as to the fraudulent prong. Cogenra does not address this prong in its opposition, and the complaint does not support it. *See Shroyer v. New Cingular Wireless Services, Inc.*, 622 F.3d 1035, 1044 (9th Cir. 2010). It seems unlikely that Cogenra can state a claim under the fraudulent prong, but it has leave to amend if it has a good faith basis to do so.

Any amended complaint is due within 14 days of this order.

**IT IS SO ORDERED.**

Dated: August 16, 2017

_____
VINCE CHHABRIA
United States District Judge